IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK R. RUGEL,** | **CIVIL NO. 1:CV-08-0386** |
| Plaintiff | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **C-WORKS SOLUTIONS LLC,** | |
| Defendant | |

### **M E M O R A N D U M**

In this employment action, Plaintiff Patrick R. Rugel, proceeding *pro se*, alleges that his employer, C-Works Solutions, LLC, violated the Pennsylvania Human Relations Act ("PHRA") by discriminating against him on the basis of national origin when it disciplined and later fired him. Before the court is Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 10).

**I.     Background**

    **A.     Facts**

Plaintiff, whose nation of origin is Equador, was hired by Defendant as a material handler in October 2002. (Doc. 1 ¶¶ 6, 4.) On June 2, 2005, Plaintiff was suspended pending investigation for allegedly sexually harassing a male security guard. (*Id.* ¶¶ 8-9.) On June 6, 2005, after Defendant completed its investigation of the incident, Plaintiff was fired for violating Defendant's Code of Conduct. (*Id.* ¶17.)

### B. Procedural History

Plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC"). The charge was dual-filed with the Equal Employment Opportunity Commission ("EEOC"). On February 29, 2008, after his charge was dismissed and he received his "right to sue" letter from the PHRC and the EEOC, Plaintiff initiated this action. In his complaint, Plaintiff incorporates by reference the allegations in his PHRC charge, and alleges that Defendant discriminated against him on the basis of national origin in violation of the PHRA. (Doc. 1.) On April 21, 2008, Defendant filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 10.) A brief in support of that motion was filed the same day. (Doc. 11.) After Plaintiff failed to file a responsive brief, the court issued an order to show cause no later than May 28, 2008 why Defendant's motion should not be deemed unopposed. (Doc. 12.) Plaintiff failed to respond to that order; accordingly, Defendant's motion is deemed unopposed and the issue is ripe for disposition.

## II. Legal Standard: Motion to Dismiss pursuant to Rule 12(b)(1)

" 'A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint.' " *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Digital Solutions, Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002)). The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Pennsylvania*, 935 F. Supp. 624,

626 (W.D. Pa. 1996) (citing *Growth Horizons v. Delaware County*, 983 F.2d 1277, 1280-81 (3d Cir. 1993)).

### III.        Discussion

Defendant argues that Plaintiff's case must be dismissed because he only alleges a violation of state law, and that this court lacks subject matter jurisdiction over the claim. The court agrees. Federal courts are courts of limited jurisdiction, and may only exercise jurisdiction expressly granted by the Constitution or by federal statute. *See, e.g.*, 28 U.S.C. § 1331 (federal question jurisdiction); § 1332 (diversity jurisdiction). Here, Plaintiff's only claim is under the PHRA, a state statute. Because the case presents no federal question, the complaint is subject to dismissal for lack of subject matter jurisdiction.

However, "[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Here, although Plaintiff has not sought leave to file an amended complaint, amendment would not be futile because Plaintiff dual-filed his PHRA charge with the federal EEOC—a prerequisite to a federal suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5 *et. seq*. Nor would amendment be inequitable to Defendant. Thus, disposition of Defendant's motion to dismiss will be stayed, and Plaintiff will be granted 10 days to file an amended complaint. If Plaintiff fails to file an amended

complaint within the time specified, Defendant's motion will be granted and Plaintiff's complaint will be dismissed.

## IV.      Conclusion

In accordance with the foregoing discussion, the court will stay disposition of Defendants' motion to dismiss, and Plaintiff will be granted 10 days to file an amended complaint. If no amended complaint is filed within 10 days, Defendant's motion to dismiss will be granted and Plaintiff's complaint will be dismissed. An appropriate order will issue.

                                             s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: June 20, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK R. RUGEL,** | : | **CIVIL NO. 1:CV-08-0386** |
| **Plaintiff** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **CWORKS SOLUTIONS LLC,** | : | |
| **Defendant** | : | |

## O D E R

**IT IS HEREBY ORDERED THAT**:

1) Disposition of Defendant's motion to dismiss (Doc. 10) is **STAYED.**

2) Plaintiff may file an amended complaint no later than July 7, 2008. If no amended complaint is filed by that date, Defendant's motion to dismiss will be granted and Plaintiff's complaint will be dismissed.

                                                                                 s/Sylvia H. Rambo
                                                                                 SYLVIA H. RAMBO
                                                                                 United States District Judge

Dated: June 20, 2008.